UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL JOHNSON, | Civil Action No. 24-782 (JXN) (CLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| | AND |
| GENEVA DANIELS, *et al.*, | ORDER |
| Defendants. | |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Daniel L. Johnson's ("Plaintiff's") complaint (ECF No. 1) and application to proceed *in forma pauperis* (the "Plaintiff's IFP Application"). (ECF No. 1-1). For the reason set forth below, Plaintiff's IFP is **DENIED *without prejudice*,** the Complaint is **DISMISSED** *without prejudice*, and this matter is **CLOSED**.

    A.    **Plaintiff's IFP Application is Denied *without Prejudice***

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, established financial requirements for prisoners attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner "must submit[] an affidavit that includes a statement of all assets[,]" which states that the prisoner is "unable to pay" the fee. § 1915(a)(1). He or she must also "submit a certified copy of the trust fund account statement" for the "6-month period immediately preceding the filing of the complaint . . . ." § 1915(a)(2). This statement must be "obtained from the appropriate official of each prison at which the prisoner is or was confined" during the 6-month period. *Id.*

The total fee to file a civil complaint in this Court is $405. Before filing a civil complaint, a prisoner must pay the $405 fee, which includes a $350 filing fee and $55 administrative fee. If allowed to proceed *in forma pauperis*, he or she will not be assessed the $55 administrative fee and instead, pay the $350 filing fee as follows. Pay "an initial partial filing fee of 20 percent of the greater of" the "average monthly deposits to the prisoner's account;" or the "average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." § 1915(b)(1)(A)-(B).

Thereafter, "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(2). The "agency having custody of the prisoner" must also "forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Here, Plaintiff's IFP Application is deficient because he failed to provide a full 6-month account statement. (*See* ECF No. 1-2 at 1-5). Though Plaintiff states he was incarcerated from December 11, 2022, to January 29, 2024 (*see* ECF No. 1-1 at 2), the statements only provide the period of May 1, 2023 to June 29, 2023, and September 19, 2023 to October 18, 2023. (ECF No. 1-2 at 1-5). Because the statements must include the "6-month period immediately preceding the filing of the complaint" (*see* 28 U.S.C. § 1915(a)(2)), and the Complaint was filed on February 9, 2024, they must include the period from September 2023 to February 2024. Accordingly, Plaintiff's IFP Application is denied.

B.      **Plaintiff's Complaint is Dismissed <u>*without Prejudice*</u>**

Upon submission of Plaintiff's IFP Application, the Complaint is subject to a *sua sponte* screening. 28 U.S.C. § 1915(e)(2). The Court may dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). The Court applies the same standard

of review as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). To survive dismissal, a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The Court may also dismiss the Complaint for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F.App'x 91, 92 (3d Cir. 2014). Rule 8 requires that claims for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, a complaint is dismissed when it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther*, 556 F.App'x at 92 (citation and internal quotations omitted). Here, the Complaint is dismissed because it does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii).

First, Plaintiff has not alleged jurisdiction. (*See* ECF No. 1 at 2) (Plaintiff must choose whether this is a 42 U.S.C. § 1983 or an action under 403 U.S. 388 (1971) and 28 U.S.C. § 1331).

Second, instead of indicating whether he is "a prisoner or other confined person[,]" Plaintiff wrote-in factual allegations purportedly in support of his claim. (ECF No. 1 at 2).

Third, the Court is unable to discern what claims Plaintiff is alleging. For example, when asked what Defendants allegedly "did or did not do that violated [his] constitutional rights[,]" Plaintiff stated that "[o]verseer of family since the passing of our late Father . . ., as being the middle son who lived in [his] Father[']s house[hold][,]" Plaintiff is "requesting [his] right[s] as the next to [r]un [the] business [f]or [f]ailed obligations to insure [Plaintiff] the right of knowing [a]ny [f]inances tied to [him] could [c]ome back." (ECF No. 1 at 4). This does not adequately state a claim for relief.

Fourth, and finally, the Complaint does not suggest a cognizable injury. Plaintiff alleges that he seeks a "[f]air and [im]partial hearing pertaining to [w]ages (lost or [s]tolen material)[,]

3

[a]ffecting [c]areer[,]" as well as an apology from Defendants for their purported denial of Plaintiff's unspecified rights.  (*Id.* at 6-7).  This does not give enough detail to rise to a cause of action.  Accordingly, because Plaintiff's Complaint does not comply with Rule 8, and fails to state a claim under § 1915(e)(2)(B)(ii), it is dismissed in its entirety *without prejudice*.

For all the foregoing reasons, it is hereby,

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-1) is **DENIED** *without prejudice*; it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank application to proceed *in forma pauperis* (DNJ- ProSe-007 – A (Rev. 12/2020)); it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter subject to restoration to the active docket should Plaintiff submit an IFP application or pay the filing fee, and file an amended complaint within the specified time; it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court in writing within 30 days of entry of this Order, addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; Plaintiff's writing shall include either: a (1) 6-month account statement certified by the appropriate prison official; or (2) the $405 fee, including the $350 filing fee plus the $55 administrative fee; it is further

**ORDERED** that upon receipt of a Plaintiff's writing and either a certified copy of a 6 six-month account statement or payment of the filing and administrative fees within the specified time, the Clerk of the Court shall reopen this case; it is further

**ORDERED** that Plaintiff's motion to appoint pro bono counsel (ECF No. 3) is **ADMINISTRATIVELY TERMINATED** subject to reinstatement should Plaintiff fully comply with this Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

DATED: 7/8/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge